For
By the Court:
It is not stated generally that the facts set up in the petition, or what facts were proved whereon the decree was founded; one of which was requisite to have been done. And was more especially so in this *29 case, as the decree if well founded in all its parts must have regarded some change of circumstances relative to a process it is conversant about, which must have taken place subsequent to the date of the petition, and could not appear from the face of it. Other points in the case, it is not necessary that we should go into the consideration of.—
Judge Dyer.
—I am fully of opinion with my brethren that the decree of the court of common pleas in this case ought to be reversed, not only for the reasons assigned, but for many others which influenced my determination.—It is observable that the petitioners complain that the note obtained by Hinman againft Herring, was gained by a course of fraudulent proceedings against Myers, with which Herring was acquainted at the time of giving the note.— This fact, if true, would have been a good defence against the note as well in a court of law as in a court of equity. But instead of making the legal defence before the court of common pleas in the county of Litchfield, who had full jurisdiction and was then possessed of the cause, or of applying there in Chancery, a petition is brought before the court of common pleas for the county of Fairfield, to control, annul and make void any judgement which the court in Litchfield should render. Or to compel the plaintiff to cancel or deliver up the evidence or note on which he had founded his action and thereby consequentially to prohibit the court of common pleas in the county of Litchfield from determining a cause of which it was legally possessed and had full jurisdiction.
*30 Further the note in question was payable to Hinman alone, and for his sole use and benefit; but the decree under confideration subjects Bronson equally with Hinman to pay back the contents of the note, interest and cost, when it does not appear that Bronson has, or even can receive any benefit from it.—Nor does it appear that Hinman has recovered any thing upon the note, for which he is sentenced to pay a large sum to Myers and Herring; the former of which is not liable to suffer a farthing by reason of the note.—
The decree totally deserts the prayer of the petition, and grants that which is not asked. And as it has relation to a suit, commenced, heard and adjudged in the county of Litchfield, the application for the interposition of a court of chancery, should have the same court, and not in the county of Fairfield, which last had no jurisdiction of the case.—